UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-406-TAV-HBG |
| | ) | |
| TATE & LYLE INGREDIENTS AMERICAS, LLC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiff's Motion for Leave to Take Additional Depositions and to Amend Scheduling Order [Doc. 61], filed on December 28, 2015. The parties appeared before the undersigned on January 21, 2016, for a motion hearing. Attorney James Friauf represented the Plaintiff, and attorneys Chris McCarty and Tim Wolfe represented the Defendants.

In his motion, the Plaintiff seeks leave of court to take three depositions in addition to the 10 depositions permitted by the Scheduling Order [Doc. 28] and also requests that the expert disclosure deadline be amended. On January 20, 2016, the Plaintiff filed a notice [Doc. 63] with the Court that he was withdrawing his request for additional depositions. During the hearing, counsel for Plaintiff affirmed that he was no longer seeking to take additional depositions outside of the number permitted by the Scheduling Order, but wished to proceed on his request to amend the expert disclosure deadline. Therefore, the Court finds that the only issue before it is whether the Scheduling Order should be amended to allow an extension of time for the Plaintiff to disclosure expert witnesses.

The Plaintiff moves to extend the November 27, 2015 expert disclosure deadline to March 25, 2016. The motion identifies proposed expert witness Julia K. Wood, M.D., who would provide testimony regarding the Plaintiff's "psychological damages and inability to work as a result of Defendants' conduct." [Doc. 61 at 3]. The Plaintiff contends that the Defendants would not be prejudiced by an extension of time because Dr. Wood's testimony would only be related to damages, which is not relevant to any dispositive motion the Defendants may file in this case.

The Defendants object [Doc. 62], citing that the Plaintiff's request is untimely and fails to show good cause. The Defendants argue that in light of all noticed discovery being timely concluded by the January 26, 2016 deadline, as well as the Plaintiff's failure to request an extension of time in November 2015 when both parties requested, and the District Court granted, various modifications to the Scheduling Order, the Plaintiff's request should not be granted now. Moreover, the Defendants submit that the Plaintiff has not shown good cause as his motion was filed a month after the November 27, 2015 expert disclosure deadline had passed despite Plaintiff having knowledge about Dr. Wood since at least 2014 when she began treating the Plaintiff and was later used to support his claim for worker's compensation and disability benefits. The Defendants also argue that they will be prejudiced not only because of the significantly increased time and cost to them, but the Plaintiff's assertion that Dr. Wood would testify about the Plaintiff's "psychological damages and inability to work as a result of Defendants' conduct" demonstrates that her testimony would extend to damages and causation.

During the motion hearing, the Plaintiff explained that there were two reasons for the delay in disclosing Dr. Wood as an expert witness. First, the Plaintiff submitted that this is a complicated employment matter which has resulted in extensive discovery that has taken longer

2

Case 3:14-cv-00406-TAV-HBG   Document 66   Filed 01/25/16   Page 2 of 5   PageID #: 375

to conduct than anticipated. This is exemplified by the fact that depositions originally scheduled for December had to be rescheduled for January due to the Plaintiff developing kidney stones. Second, the Plaintiff explained that prior to Dr. Wood agreeing to be an expert witness in this case, she had to consult and receive permission from her practice. According to the Plaintiff, Dr. Wood did not gain permission until November or December 2015, and because she was the most qualified to testify as an expert on the Plaintiff's behalf due to her credentials and treating relationship, the Plaintiff had to wait to disclose her. Plaintiff's counsel anticipated that should the Court grant the motion, Dr. Wood would need at least 30 days to complete her expert report. Counsel also stipulated that Dr. Wood's testimony would be related to damages only, testifying about the Plaintiff's current state of psychological well-being and course of treatment in regard to whether or not the Plaintiff can work or can be expected to return to work, and when, as well as front and back pay.

The Defendants reiterated that the Plaintiff's motion is untimely as he had six months from the date of the Scheduling Order to disclosure Dr. Wood who was already known to the Plaintiff, and despite Plaintiff's previous request that several dates be amended, he failed to request that the expert disclosure deadline be changed until a month after the deadline had passed. The Defendants argued that the rescheduling of depositions is immaterial because none of the depositions had anything to do with Dr. Wood. In addition, the Defendants maintained that an extension of time would impede the dispositive motion deadline and remaining deadlines in the case, because the Defendants would not be able to prepare a motion for summary judgment without first obtaining Dr. Wood's expert report.

A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause has been shown, the

3

primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." Commerce Benefits Grp., Inc. v. McKesson Corp., 326 F. App'x 369, 377 (6th Cir. 2009) (internal quotations omitted) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). Additionally, the court should consider if the nonmoving party would be prejudiced by the modification. Id. Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for "why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 450 (6th Cir. 2010) (citing Leary v. Daeschner, 349 F.3d 888, 906-08 (6th Cir. 2003)).

The Court finds that the Plaintiff has not been diligent in his efforts to meet the expert disclosure deadline or move for a timely amendment to the Scheduling Order. It is undisputed that the Plaintiff has known about Dr. Wood since the inception of this lawsuit and used her expertise to assert claims in other proceedings. Moreover, arguments by Plaintiff's counsel during the hearing demonstrate that Dr. Wood's expertise was sought in this case sometime prior to the expert disclosure deadline but approval from her practice to act as an expert delayed timely disclosure. Thus, it appears the Plaintiff anticipated that the requisite approval may not be afforded until after the expert disclosure deadline had passed. Rather than request a timely amendment to the Scheduling Order at that point, the Plaintiff waited a month after the deadline to make his request. Further, the Plaintiff has not submitted any corroborating evidence to support his proffer as to the reasons for his delay, such as an affidavit from the Plaintiff explaining his maladies as cause for postponing discovery, or an affidavit from Dr. Wood explaining the delay in receiving approval from her practice and when said approval was finally obtained. Therefore, the Court is unable to conclude "that despite due diligence [the Plaintiff]

4

could not have reasonably met the scheduled deadlines." E.E.O.C. v. AutoZone, Inc., 248 F.R.D. 542, 543 (W.D. Tenn. 2008) (quoting Shrieve v. DaimlerChrysler Corp., No. 2:05-CV-0446, 2006 WL 1526878, at *1 (S.D. Ohio May 31, 2006)).

The Court also finds that amending the Scheduling Order at this point would prejudice the Defendants because additional delays would be inevitable. "[A]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings." Id. The dispositive motion deadline has already been extended to February 25, 2016. Amending the Plaintiff's expert disclosure deadline would cause another extension of the motion deadline as the Defendants would have to wait at least 30 days to obtain Dr. Wood's expert report before it could file a motion for summary judgment. While the primary reason for denying the Plaintiff's motion is a lack of due diligence in seeking an amendment, prejudice to the Defendants is a factor the Court cannot ignore and also weighs against granting a modification to the Scheduling Order.

Accordingly, the Court finds the Plaintiff's Motion for Leave to Take Additional Depositions and to Amend Scheduling Order [**Doc. 61**] is not well-taken, and the same is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge